2026 IL App (1st) 250183-U
Order filed: July 29, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-0183

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 18653 01 |
| | ) | |
| RONDALE PARKER, | ) | Honorable |
| | ) | Bryan Novy, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We vacate the circuit court's order denying defendant's motion for additional sentencing credit and remand for a hearing under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) and find that defendant does not have a right to counsel at that hearing.

¶ 2    Following a bench trial, defendant-appellant, Rondale Parker, was found guilty of second degree murder and sentenced to an extended term of 30 years' imprisonment. On direct appeal, this court affirmed the judgment. In December 2024, defendant, *pro se*, filed motions for appointment of counsel and to receive additional sentencing credit pursuant to section 3-6-

3(a)(4)(A) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(4)(A) (West 2024)). The circuit court did not appoint counsel and denied defendant's motion for additional sentencing credit. Defendant appealed. We vacate the order denying defendant's motion for additional sentencing credit, remand with directions for a hearing on the motion for additional sentencing credit, and find defendant is not entitled to counsel at that hearing.

¶ 3    In 2016, defendant was charged with six counts of first degree murder in connection with the shooting death of Laron McCoy. After a bench trial, the circuit court found that defendant had an unreasonable belief in the need to defend himself and found him guilty of second degree murder, a Class 1 offense (720 ILCS 5/9-2(a), (d) (West 2016)). The trial proceedings were fully set out in our prior orders and need not be restated here. See *People v. Parker*, 2024 IL App (1st) 231072-U; *People v. Parker*, 2021 IL App (1st) 190823-U.

¶ 4    On April 1, 2019, after a sentencing hearing, the circuit court found that defendant was subject to an extended-term sentence and sentenced him to 30 years' imprisonment pursuant to 730 ILCS 5/5-8-2 (West 2018). Defense counsel orally sought sentencing credit for defendant's participation in the Second Chance Program while in pretrial custody and provided the court with a certificate of completion. In response, the court stated:

"What you can do with that is attach it to his mittimus and you can prepare an order saying I have no objection for the Department of Corrections [(DOC)] giving him credit for those types of programs in their discretion if they want to. I won't object to it, but I'm not going to do it from the bench."

Thereafter, the court entered a written order (April 1 credit order), stating:

"The court having been shown certificate of completion of the Second Chance Program administered by the Cook County Jail, the defendant having participated in said program

for 855 days and certificate of completion being hereby attached, the court has no objection to the defendant receiving said additional credit."

The court attached to the April 1 credit order, the certificate of completion issued by the Cook County DOC (CCDOC) certifying that defendant completed the Second Chance Program. The certificate of completion was signed in 2017. The certificate of completion did not describe the program, list any start dates, end dates, or dates of participation. In a separate written order, the circuit court sentenced defendant to 30 years' imprisonment and found that defendant was entitled to 855 days of credit for "time actually served in custody."

¶ 5     Defendant filed a direct appeal, asserting a *Brady v. Maryland*, 373 U.S. 83 (1963) violation, that his conviction was against the manifest weight of the evidence, and that the sentencing court failed to give appropriate weight to mitigating circumstances. *Parker*, 2021 IL App (1st) 190823-U. We affirmed defendant's conviction and sentence. *Id.*

¶ 6     On October 18, 2022, defendant filed a *pro se* postconviction petition asserting, *inter alia*, numerous claims of ineffective assistance of counsel (petition), which are unrelated to the issues in this appeal. The trial court dismissed the petition at the first stage. We reversed the dismissal and remanded for second stage proceedings. See *People v. Parker*, 2024 IL App (1st) 231072-U.

¶ 7     On December 11, 2024, defendant filed a *pro se* "motion to receive sentence credit for program participation" (motion for credit), requesting a sentencing credit for his participation in the Second Chance Program under section 3-6-3(a)(4)(A) of the Unified Code (730 ILCS 5/3-6-3(a)(4)(A) (West 2024)). He alleged that he participated in the Second Chance Program from November 16, 2016, to April 1, 2019, 855 days. Defendant attached to the motion the April 1 credit order, the certificate of completion, and two sentence calculation worksheets, titled "single or concurrent determinate sentences under 1978 law and jail credit," from April 23 and September

13, 2019. The April 23 worksheet noted a credit of 855 days and provided a projected discharge date of November 16, 2031. It appears that this worksheet relates to the credit for time defendant served in pretrial custody, a calculation not at issue. The September 13 worksheet noted an additional credit of 427.5 days (855 multiplied by .5) and provided a projected discharge date of September 8, 2030. It appears that this worksheet relates to the credit for defendant's participation in the Second Chance Program, the calculation at issue. Defendant also attached a printout of a portion of the Public Act 103-0330 (eff. Jan. 1, 2024) that included section 3-6-3(a)(4)(A) and an Illinois DOC (IDOC) memo stating:

> "Per HB3026, eligible individuals who received Earned Program Sentence Credit *** at a rate of 0.5 prior to 7/1/21, will have their program credit recalculated by the [IDOC] at the rate of 1.0."

¶ 8    Defendant also filed a motion for appointment of counsel. In this motion he stated that the matter concerns the "duration" of his confinement and that he sought administrative review through the proper grievance procedures. He explained that his "grievance was denied by the Administrative Review Board stating that their office finds the issue was appropriately addressed by the facility administration."

¶ 9    On December 20, 2024, the circuit court considered the motion for credit. Defendant was not present and the circuit court did not appoint counsel. The court noted that the State had provided it with the motion for credit and that an assistant public defender, "as a friend of the court, was nice enough to take a look at is as well." The State argued,

> "it appears that at the conclusion of that case, the attorney for [defendant] at the time drafted an order indicating he was entitled to 855 days of program credit for a second chance program while in CCDOC custody. It appears from [defendant's] motion that he is

attempting to get double credit. I know that's a motion that's floating around, and I don't believe that double credit is appropriate. I think he's been given all of the program credit he's entitled."

The assistant public defender concurred. The circuit court denied the motion for credit stating, "I've seen this motion at least ten times and I think it's a motion that's been floating around the Illinois [DOC] and so a lot of people have been asking for it and I don't believe that [defendant] is entitled to the credit."

¶ 10    Defendant appealed.

¶ 11    On appeal, defendant argues that the circuit court erred in refusing to recalculate his sentencing credit for his participation in the Second Chance Program. More specifically, he argues that, based on the statutory amendments to subsection 3-6-3(a)(4)(A) of the Unified Code (730 ILCS 5/3-6-3(a)(4)(A) (West 2024)), which apply retroactively due to the addition of subsection 3-6-3(a)(4)(E) of the Unified Code (*id.* 3-6-3(a)(4)(E)), he is entitled to a day-for-day credit for the 855 days that he participated in the program, instead of the half-time credit, 427.5 days, that he was granted by the DOC. Defendant requests that we vacate the circuit court's order denying his motion for credit and direct that he receive 855 days of credit. In the alternative, he argues that we should remand this case for a new hearing pursuant to Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) and for appointment of counsel.

¶ 12    The State argues that the circuit court properly denied the motion for credit where defendant had been awarded the full amount of program credit allowed. In making this argument, the State does not challenge the half-time credit which the DOC gave defendant for his participation in the Second Chance Program. Instead, the State argues that defendant has not shown

that he is entitled to full day credit under section 3-6-3(a)(4)(A). The State also maintains that defendant does not have a right to counsel at this stage of the proceedings.

¶ 13    Rule 472(a)(3) provides that, the circuit court retains jurisdiction, in criminal cases, to correct errors in the "calculation of presentence custody credit" at any time following judgment and "after notice to the parties *** on the motion of any party." Ill. S. Ct. R. 472(a)(3) (eff. Feb. 1, 2024). Errors in the calculation of presentence custody credit include denied credit claims. *People v. Knight*, 2023 IL App (3d) 220198, ¶ 16. Defendant's "motion to receive sentence credit for program participation" falls under Rule 472. See *People v. Wells*, 2024 IL 129402, ¶ 16 (finding that a motion seeking credit for time defendant spent on GPS monitoring was consistent with the remedy available under Rule 472).

¶ 14    The question of whether a defendant received appropriate pretrial custody credit raises an issue of statutory interpretation, which we review *de novo*. *People v. Clark*, 2014 IL App (4th) 130331, ¶ 16; *People v Washington*, 2019 IL App (1st) 172372, ¶ 8; *People v. Montalvo*, 2016 IL App (2d) 140905, ¶ 17. "The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature." *Clark*, 2019 IL 122891, ¶ 18. "The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *Id.* ¶ 20. "Where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction." *Cothron v. White Castle System, Inc.*, 2023 IL 128004, ¶ 20. "Only if the statutory language is ambiguous may we look to other sources to ascertain the legislature's intent." *Id.*

¶ 15    Section 3-6-3 of the Unified Code "prescribe[s] rules and regulations for awarding and revoking sentencing credit for persons committed to the [DOC]." 730 ILCS 5/3-6-3(a)(1) (West

2024). Under this section, sentencing credit may be awarded for successful completion of programming while in the custody of DOC prior to sentencing. *Id.* 3-6-3(a)(1.5).

¶ 16    Relevant here, in 2019, at the time of defendant's sentencing, section 3-6-3(a)(4)(A) provided that a pretrial detainee may be provided a sentencing credit for "successfully complet[ing] a full-time, 60–day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning provided by the county department of corrections or county jail." 730 ILCS 5/3-6-3(a)(4)(A) (West 2018). This subsection provided the rate of calculation as "multiplied by a factor of 1.25 for program participation before August 11, 1993 and 1.50 for program participation on or after that date." *Id.*

¶ 17    In 2021, section 3-6-3(a)(4)(A) was amended and provided that a prisoner who was engaged in a "full-time, 60-day or longer" substance abuse, educational, or behavior modification program or a life skills course or a re-entry planning program, "shall receive one sentencing credit for each day" of activity. The updated section 3-6-3(a)(4)(A) further provided that sentencing credit may be awarded to "an inmate who was held in pre-trial detention prior to his or her current commitment to the [DOC] and successfully completed a full-time, 60-day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning provided by the county [DOC] or county jail," but did not identify the number of credits. *Id.* § 3-6-3(a)(4)(A). In 2023, subsection 3-6-3(a)(4)(E) was added, providing that "[t]he rules and regulations shall provide for the recalculation of program credits awarded pursuant to this paragraph (4) prior to July 1, 2021 (the effective date of Public Act 101-652) at the rate set for such credits on and after July 1, 2021." 730 ILCS 5/3-6-3(a)(4)(E) (West 2024).

¶ 18    The former version and the updated version of 3-6-3(a)(4) provided that the calculation of the program credit "shall be done at sentencing as provided in Section 5-4.5-100 of this Code and

shall be included in the sentencing order." 730 ILCS 5/3-6-3(a)(4)(A) (West 2024). Under section 5-4.5-100(c-5) of the Unified Code, "the trial court shall give the defendant credit for successfully completing county programming while in custody prior to imposition of sentence at the rate specified in [s]ection 3-6-3." 730 ILCS 5/5-4.5-100(c-5) (West 2024).

¶ 19     The circuit court has the responsibility to determine whether defendant was eligible for sentencing credit. *People v. Montalvo*, 2016 IL App (2d) 140905, ¶ 20 (citing 730 ILCS 5/3-6-3(a)(4) (West 2012)). This includes the duty to calculate the credit due. *Id.* ¶ 20.

¶ 20     Here, the record reflects that at the sentencing hearing, defendant provided the court with a certificate of completion for the Second Chance Program that he participated in while in pretrial custody. Although the court had no objection to defendant receiving credit for this program, it did not calculate any potential sentencing credit in contradiction to section 3-6-3(a)(4)(A) which provides that the calculation of the program credit *shall* be done at sentencing. In his motion for credit, defendant requested additional sentencing credits for his participation in that program. He attached the certificate of completion verifying his participation in the program, the April 1 credit order stating that he participated in the program for 855 days, and two sentence calculation worksheets that he claims show that the DOC provided him 427.5 days of credit for the program. At the hearing on the motion for credit, however, defendant was not present and the circuit court, without considering the relevant statutes, making any findings, or calculating defendant's sentencing credits, denied the motion.

¶ 21     Here, the record fails to show that the circuit court gave full consideration to defendant's request for additional sentencing credit. Further, the record before us is not sufficient to allow a reviewing court to determine whether the Second Chance Program falls within section 3-6-3(a)(4)(A) and how much additional credit, if any, defendant was entitled to under that section.

We therefore agree with defendant that this case should be remanded to the circuit court to hold a hearing and consider whether defendant is entitled to additional sentencing credit for his participation in the Second Chance Program under section 3-6-3(a)(4)(A) (730 ILCS 5/3-6-3(a)(4)(A) (West 2024)) and, if he is entitled to credit, calculate the amount of credit. See *Knight*, 2023 IL App (3d) 220198, ¶ 17 (remanding for the circuit court to address defendant's claim regarding programming credit). See also *People v. Perteet*, 2025 IL App (1st) 241141, ¶ 26 (affirming the judgment of the circuit court denying defendant's Rule 472 motion finding that defendant did not demonstrate that he earned the statutory program credits), vacated, 274 N.E. 3d 105 (Ill. 2026) (denying the petition for leave to appeal and vacating the judgment with direction to remand to the circuit court for a hearing to determine the defendant's pretrial programming credit due).

¶ 22    For these reasons, we vacate the order denying defendant's motion for credit and remand to calculate the amount of additional credit owed, if any, to defendant.

¶ 23    Defendant also argues that the circuit court deprived him of his right to counsel in failing to appoint him counsel and that upon remand he is entitled to counsel.

¶ 24    "A defendant has the right to counsel only if the constitution or a statute provides it." *People v. Love*, 312 Ill. App. 3d 424, 426 (2000). "Under the United States and Illinois Constitutions, criminal defendants are entitled to counsel at any 'critical stage' of the proceedings." (Internal quotation marks omitted.) *Knight*, 2023 IL App (3d) 220198, ¶ 19. "Critical stages" encompass "any proceeding where a defendant asserts or waives constitutional rights." *People v. Lindsey*, 201 Ill. 2d 45, 56 (2002). However, a defendant has no constitutional right to counsel during collateral proceedings to a judgment. *Knight*, 2023 IL App (3d) 220198, ¶ 19. We review

*de novo* whether a defendant was denied his right to counsel. *People v. Medina*, 2022 IL App (3d) 180493, ¶ 24.

¶ 25    Here, defendant moved for sentencing credit long after he was found guilty and sentenced and this court affirmed the conviction and sentence on direct appeal. Under Rule 472, defendant was permitted to bring the motion for credit and the circuit court had jurisdiction to hear the motion for credit. The motion for credit sought collateral review of his judgment. Therefore, there is no constitutional right to counsel. See *Knight*, 2023 IL App (3d) 220198, ¶ 20 (finding that a Rule 472 motion is a collateral attack of the judgment).

¶ 26    Further, Rule 472 itself does not convey a right to counsel, therefore defendant does not have a statutory right to counsel on his motion. See *Id*. ¶ 21 ("Because the clear language of Rule 472 does not provide for the assistance of counsel, defendant has no statutory right to counsel on his motion either."). Because defendant had no right to counsel, he could not have been denied his right to counsel. See *Wainright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel."). On remand, defendant has no right to counsel at the hearing on the motion for credit.

¶ 27    Defendant argues that we should treat the motion for credit similar to a motion to reconsider his sentence, in which a defendant has a right to counsel. However, in *Knight*, 2023 IL App (3d) 220198, ¶¶ 22-25, this court rejected this argument and explained the differences between the two motions:

> "A motion to reconsider occurs during sentencing in a criminal proceeding and must be filed within 30 days of the date on which sentence is imposed. [Citations.] Where, as here, judgment was entered on an open plea, a motion to reconsider is required to preserve sentencing issues for appellate review. [Citations.] As such, a motion to reconsider

sentence is considered a 'critical stage' of the proceedings and the right to counsel attaches. [Citations.]

By contrast, a Rule 472 motion is procedural in nature and can be filed at any time following judgment. [Citation.] The purpose of the rule is to provide a clear mechanism for fixing technical errors and miscalculations in sentencing—specifically, errors in the imposition of fines and fees, per diem credits, and presentence custody credit and clerical errors in the sentencing order. See Ill. S. Ct. R. 472(a) (eff. May 17, 2019). A defendant is not required to file a Rule 472 motion in a timely manner to preserve his or her ability to challenge a sentencing credit error; the circuit court retains jurisdiction to correct the error at 'any time' after sentencing. *Id.* Further, parties attempting to raise calculation errors covered by Rule 472 are protected from forfeiture by the rule's automatic remand provision. See Ill. S. Ct. R. 472(e) (eff. May 17, 2019) (where defendant has attempted to raise sentencing credit errors on appeal, 'the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule'). Since Rule 472 does not affect defendant's substantive rights or otherwise limit a party's ability to correct sentencing credit calculations, defendant does not have a right to counsel on remand." *Knight*, 2023 IL App (3d) 220198, ¶¶ 23-24.

¶ 28    We decline to depart from *Knight* and conclude that upon remand, defendant does not have the right to counsel at the hearing on the motion for credit.

¶ 29    We vacate the order of the circuit court of Cook County denying defendant's motion for credit and remand for further proceedings in accord with our decision. Defendant may supplement the motion for credit to support his contentions that he is entitled to additional sentencing credit for his participation in the Second Chance Program under section 3-6-3(a)(4)(A) (730 ILCS 5/3-

6-3(a)(4)(A) (West 2024)) and present argument and evidence at a hearing for additional credit but is not entitled to counsel.

¶ 30    Vacated and remanded with directions.